CLIFFORD L. SWAN CO., INC.
*vs.*
JOHN P. PORELL

Cumberland. Opinion, December 9, 1948.

*Richard S. Chapman,* for plaintiff.

*Grover Welch,*
*Harry E. Nixon,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MERRILL, JJ.

THAXTER, J. This is an action of assumpsit to recover a commission on the sale of certain real estate. The plea of the defendant was the general issue with a brief statement that the supposed contract as submitted to him was not complete, in that it was the intention of the parties to strike out on the printed form submitted by the plaintiff the provision providing for an extension of the exclusive agency beyond the original one month period. In other words, to use the defendant's own language in his brief statement: ". . . . . the only agency was to be a thirty days' exclusive agency and none other and therefore the plaintiff's alleged contract was obtained by fraud." The case was tried before a jury who found for the plaintiff in the sum of $1,425, being five percent of the amount for which the property was sold by the defendant. It is now before this court on a motion for a new trial and on exceptions to a portion of the judge's charge.

The issue on which the case was tried was, not whether there was any fraud or misrepresentation in inducing the defendant to enter into the contract, but what was the contract. Was it as the plaintiff claims a contract for an exclusive agency to sell the property, which agency continued in effect for one month and thereafter until the defendant should revoke it by ten days' notice in writing; or was it as the defendant claims a contract for an exclusive agency which definitely ended at the expiration of one month? The plaintiff, if its version of the contract is correct, is entitled to hold the verdict, otherwise not.

In support of its claim the plaintiff introduced testimony of conversations which took place between the parties and a

copy of the plaintiff's claimed duplicate original of the contract, the original having been lost. The testimony together with the copy of the plaintiff's contract supports the plaintiff's contention. The defendant's own testimony, which was corroborated by others, was that the contract as discussed by the parties was for an exclusive agency ending at the expiration of one month, and he introduced in evidence what he claimed was his own original of the contract as finally reduced to writing. In this contract there appears to have been an attempt to strike out the provision for an extension of the agency beyond the period of one month. Milan O. Welch, an authorized agent of the plaintiff, who conducted the negotiations with the defendant claims that this provision was not stricken out on his original and was not intended to be stricken out.

Here was a clear issue of fact submitted to the jury, and their finding in favor of the plaintiff is amply supported by the evidence and cannot be disturbed. The motion for a new trial must be overruled.

The judge charged the jury in part as follows: "In the pleadings which were read to you, that is, the pleadings of the defendant, which are as we recall or term in law the general issue, and with a brief statement of cause of defense, it is alleged in the pleadings by defendant that the plaintiff's contract was obtained by fraud. I say to you there is no evidence in the case of any fraud." To this portion of the charge, wherein the judge states "there is no evidence in the case of any fraud," the defendant excepted, apparently on the ground that there was evidence of fraud which should have been submitted to the jury.

There is no merit in this exception. The case was tried on the issue whether the plaintiff's version of the contract or the defendant's was the correct one, and the jury were clearly instructed that it was their province to decide that question. The part of the charge objected to had reference only to that portion of the brief statement in which the

defendant alleged that the contract had been obtained by fraud. There was no evidence in the case to support an allegation that the contract had been obtained by fraud, the issue was whether there was a contract and what it was. We do not see how what the presiding justice said with reference to fraud could possibly be distorted into an expression of opinion on the question presented to the jury.

*Motion overruled.*
*Exceptions overruled.*